TYSON, Judge.
 

 *2
 
 Patricia M. Brady ("Plaintiff") appeals from the Business Court order granting summary judgment in favor of Defendants. We affirm.
 

 I. Background
 

 United Tool & Stamping Company of North Carolina, Inc. ("United Tool") is a metal stamping business located in Fayetteville. In June 1996, United Tool was incorporated in North Carolina. Anthony Moschella, Plaintiff's father, served as President. Day-to-day management was handled by Plaintiff's brothers-in-law, Defendants Bryant Van Vlaanderen and Marc Townsend.
 

 In December 1996, United Tool amended its articles of incorporation and created two classes of stock: 100 shares of Voting Common stock and 900 shares of Non-Voting Common stock. The Non-Voting stock provided for pro-rata participation in any dividends declared by United Tool, but contained no voting rights. The Non-Voting stock was divided equally among three of Moschella's daughters-Plaintiff and Defendants Linda Townsend and Renee Van Vlaanderen-and their husbands, with each taking a one-sixth interest. As part of her divorce settlement from her first husband in 2002, Plaintiff acquired his shares. Anthony Moschella retained all of United Tool's Voting Common stock.
 

 Plaintiff was initially employed by United Tool in 2001 and was paid a weekly salary to work in the offices and assist with administrative tasks. Plaintiff worked for United Tool until May 2005. She stopped going in to work once her second husband, Tim Brady, was employed at United Tool. Moschella terminated Plaintiff's employment and medical insurance on 31 May 2005. Plaintiff continued to receive her pro-rata share of United Tool's dividend distributions, but received no salary or other benefits.
 

 In March 2007, Moschella approved Plaintiff's rehiring at United Tool. Defendants Renee Van Vlaanderen and Linda Townsend were also hired to work at United Tool at that time. In 2008, Plaintiff became "pretty sick" and was diagnosed with a variety of
 
 *563
 
 medical problems, including
 
 *3
 
 seizures. Plaintiff was absent from work for an extended period of time and did not come in to work regularly for years.
 

 In December 2011, Moschella decided to sell his Voting Common stock to United Tool. On 2 January 2012, United Tool acquired all of Moschella's Voting Common stock. All shares of Non-Voting Common stock became Voting Common stock. Plaintiff and the individually named Defendants became the holders of Voting Common stock.
 

 Tim Brady was fired from United Tool and Plaintiff's salary was increased. After this salary increase, Plaintiff became more involved, coming in to the office more frequently and participating in shareholder meetings. Plaintiff was told her salary and benefits were dependent upon her work with the company.
 

 Plaintiff requested access to the corporate records of Defendants Enterprise Realty and United Realty. On 14 May 2012, Plaintiff's counsel sent a letter requesting a meeting where Plaintiff could review the corporate records. At the meeting on 24 May 2012, Plaintiff and her counsel inquired into Plaintiff's employment status and salary. Plaintiff's employment was terminated after the meeting on 24 May 2012.
 

 Plaintiff filed a complaint on 24 August 2012. The case was designated as a complex business case by the Chief Justice of North Carolina on 4 September 2012. Defendants filed a motion to dismiss, which was partially granted on 1 August 2013. Both parties filed motions for summary judgment. After hearing oral arguments, the Business Court granted Defendants' motion for summary judgment on 25 July 2016. Plaintiff timely filed notice of appeal.
 

 II. Jurisdiction
 

 Appeal lies of right in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2013). This case was designated as a complex business case on 4 September 2012, prior to the effective date of the 2014 amendments designating a right of direct appeal from a final judgment of the Business Court to the Supreme Court of North Carolina.
 
 See
 

 2014 N.C. Sess. Laws 621
 
 , ch. 102, § 1. This appeal is properly before us.
 

 III. Issues
 

 Plaintiff argues the Business Court erred by failing to apply the plain meaning of
 
 N.C. Gen. Stat. § 55-14-30
 
 , and by failing to order judicial dissolution. Plaintiff also argues the Business Court erred in considering equitable factors beyond the equities of the shareholders.
 

 *4
 

 IV. Standards of Review
 

 "Our standard of review on appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' "
 
 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008) (quoting
 
 Forbis v. Neal
 
 ,
 
 361 N.C. 519
 
 , 524,
 
 649 S.E.2d 382
 
 , 385 (2007) ).
 

 A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense.
 

 Draughon v. Harnett Cty. Bd. of Educ.
 
 ,
 
 158 N.C. App. 705
 
 , 708,
 
 582 S.E.2d 343
 
 , 345 (2003) (citation and internal quotation marks omitted),
 
 aff'd per curiam
 
 ,
 
 358 N.C. 131
 
 ,
 
 591 S.E.2d 521
 
 (2004).
 

 Judicial dissolution is a remedy that rests "within the trial court's sound discretion."
 
 Royals v. Piedmont Elec. Repair Co.
 
 ,
 
 137 N.C. App. 700
 
 , 704,
 
 529 S.E.2d 515
 
 , 518 (2000). A finding that dissolution is not appropriate is reviewed for abuse of discretion.
 

 Id.
 

 V. Analysis
 

 A. Judicial Dissolution
 

 To secure a decree of judicial dissolution a plaintiff must demonstrate:
 

 (1) [s]he had one or more substantial reasonable expectations known or assumed by the other participants; (2) the expectation
 
 *564
 
 has been frustrated; (3) the frustration was without fault of the plaintiff and was in large part beyond [her] control; and (4) under all of the circumstances of the case, plaintiff is entitled to some form of equitable relief.
 

 Meiselman v. Meiselman
 
 ,
 
 309 N.C. 279
 
 , 301,
 
 307 S.E.2d 551
 
 , 564 (1983).
 

 "When a minority shareholder ... brings suit for involuntary dissolution or alternative relief, [s]he has the burden of proving that [her] 'rights or interests' as a shareholder are being contravened. Russell M. Robinson, II,
 
 Robinson on North Carolina Corporation Law
 
 § 28.11 (7 ed. 2017). A plaintiff is not entitled to dissolution "at the expense of the corporation
 
 and
 
 without regard to the rights and interests of the other shareholders."
 
 Meiselman
 
 ,
 
 309 N.C. at 297
 
 ,
 
 307 S.E.2d at 562
 
 (emphasis
 
 *5
 
 supplied). A court possesses the authority to judicially dissolve a corporation when "liquidation is reasonably necessary for the protection of the rights or interests of the complaining shareholder."
 
 N.C. Gen. Stat. § 55-14-30
 
 (2) (2017).
 

 Plaintiff argues the evidence tends to show she held "substantial reasonable expectations" to receive a salary and benefits, regardless of whether she performed services for United Tool.
 
 See
 

 Meiselman
 
 ,
 
 309 N.C. at 301
 
 ,
 
 307 S.E.2d at 564
 
 . Presuming Plaintiff did maintain such reasonable expectations, the Business Court concluded such expectation "does not justify the equitable remedy of a decree compelling judicial dissolution of United Tool."
 

 The record indicates United Tool continues to operate at a profit, and Plaintiff continues to receive "substantial dividends" as a shareholder. As such, Plaintiff's evidence fails to forecast evidence tending to show or suggest United Tool's management is deadlocked, the company is unprofitable, or its assets are being mismanaged, to support an order for dissolution.
 
 See
 
 id.
 

 Plaintiff contends the Business Court incorrectly interpreted the plain meaning of
 
 N.C. Gen. Stat. § 55-14-30
 
 and failed to recognize it had the authority to grant the relief she sought: to appoint a receiver and to sell the company. In its opinion and order the Business Court stated: "The Court need not consider whether it might award any alternative equitable remedy, because it does not have the power to do so." The Court was responding to Plaintiff's general comment that realistically she was not seeking a dissolution of United Tool, but prefers an alternative remedy, such as United Tool buying out her ownership interest.
 

 The only equitable remedy a trial court may award is dissolution.
 
 N.C. Gen. Stat. § 55-14-30
 
 (2). A forced buyout of shares by the corporation could be triggered only if and after the court concludes judicial dissolution is an appropriate remedy.
 
 N.C. Gen. Stat. § 55-14-31
 
 (d) (2017). No equitable remedial powers allow a judge to compel Defendants to reinstate Plaintiff's employment, as Plaintiff's counsel conceded at oral argument.
 
 See
 

 Coleman v. Coleman
 
 ,
 
 2015 NCBC 110
 
 ,
 
 2015 WL 8539036
 
 , at *3 (citing
 
 Robinson on North Carolina Corp. Law
 
 § 28.11).
 

 Plaintiff spoke at length about what may happen to the corporation
 
 after
 
 dissolution, claiming the court had failed to recognize its authority. This assertion is not supported by the record. Instead, the record shows the court found and concluded a decree of judicial dissolution was not justified because Plaintiff had received substantial dividends, and that dissolution would harm "the rights and interests of the other
 
 *6
 
 shareholders."
 
 Meiselman
 
 ,
 
 309 N.C. at 297
 
 ,
 
 307 S.E.2d at 562
 
 . The court found in the exercise of its discretion that judicial dissolution of United Tool was not justified. Plaintiff's assertions or forecasts of what may occur following a purported dissolution is immaterial.
 

 Nothing in the record indicates Plaintiff is precluded from selling her shares or interest. There are no restrictions imposed upon Plaintiff to prevent her from selling her shares, and the individual Defendants reached an agreement allowing the disclosure of information to potential buyers.
 

 Plaintiff failed to show the Business Court abused its discretion in declining to order judicial dissolution of United Tool in this case. Plaintiff's arguments are overruled.
 

 *565
 

 B. Additional Equitable Factors
 

 Plaintiff argues the Business Court erred in considering the possible effects of dissolution on United Tool's employees. Under the
 
 Meiselman
 
 standard, she asserts the court should have only considered the impact of dissolution upon the shareholders.
 
 See
 

 Meiselman
 
 ,
 
 309 N.C. at 297
 
 ,
 
 307 S.E.2d at 562
 
 . Plaintiff contends the issue of whether the trial court should consider equitable factors beyond the equities between and concerning the shareholders is a question of law to be reviewed
 
 de novo
 
 . There is little appellate guidance on what this Court should consider on appeal when reviewing the equities of judicial dissolution analysis.
 

 Plaintiff continues to argue that her proposed remedy, the dissolution and sale of the entire company, would preserve the jobs of the employees, as whoever purchases the company would want to retain the employees to preserve the profits from United Tool. Further, Plaintiff contends the General Assembly and the Supreme Court of North Carolina only intended to protect the rights and interests of the minority shareholder, not to "provide job security for every employee of a company in which minority oppression is occurring."
 

 Defendants reject and counter this argument and analysis. They argue it is reasonable for the court to at least nominally consider key stakeholders in the dissolution determination in addition to the equities of the company and all shareholders. Defendants contend the proper application of
 
 Meiselman
 
 requires "the familiar balancing process and flexible remedial resources of courts of equity" in establishing its test for dissolution, considering whether "under all of the circumstances of the case plaintiff is entitled to some form of equitable relief."
 
 Meiselman
 
 ,
 
 309 N.C. at 297, 301
 
 ,
 
 307 S.E.2d at 562, 564
 
 (citation and internal quotation marks omitted).
 

 *7
 
 Defendants also cite to the Business Court's consideration of third parties in similar cases. The Business Court has considered,
 
 inter alia
 
 , the nature of the business, impacts on employees and others, the relationships between the parties, and recent corporate actions.
 
 See
 

 Royals v. Piedmont Elec. Repair Co.
 
 ,
 
 1999 NCBC 1
 
 ,
 
 1999 WL 33545516
 
 , at *6,
 
 aff'd on other grounds
 
 ,
 
 137 N.C. App. 700
 
 ,
 
 529 S.E.2d 515
 
 (2000).
 

 The Business Court's analytic framework in
 
 Royals
 
 cites to a Mississippi law journal article as persuasive authority, and has applied that consistent framework to many other cases when addressing
 
 Meiselman
 
 claims.
 
 See
 
 John Henegan, Comment,
 
 Oppression of Minority Shareholders: A Proposed Model and Suggested Remedies
 
 ,
 
 47 Miss. L.J. 476
 
 , 488-93 (1976);
 
 see also
 

 Joalpe-Industria de Expositores, S.A. v. Alves
 
 , 2015 NCBC 9A,
 
 2015 WL 428333
 
 , at *8 ;
 
 see also
 

 High Point Bank & Tr. Co. v. Sapona Mfg. Co.
 
 ,
 
 2010 NCBC 11
 
 ,
 
 2010 WL 2507524
 
 , at *13,
 
 aff'd on other grounds
 
 ,
 
 212 N.C. App. 148
 
 ,
 
 713 S.E.2d 12
 
 (2011).
 

 Other long standing equitable and discretionary factors include: the party's clean hands, the adequacy of remedies at law, the person who seeks equity must do equity, and the avoidance of long-term entanglement of judicial resources.
 
 See
 

 Creech v. Melnik
 
 ,
 
 347 N.C. 520
 
 , 529,
 
 495 S.E.2d 907
 
 , 913 (1998) ("One who seeks equity must do equity. The fundamental maxim, 'He who comes into equity must come with clean hands,' is a well-established foundation principle upon which the equity powers of the courts of North Carolina rest." (citation omitted) );
 
 see also
 

 Moore v. Moore
 
 ,
 
 297 N.C. 14
 
 , 16,
 
 252 S.E.2d 735
 
 , 737 (1979) ("Equity seeks to reach and do complete justice where courts of law, through the inflexibility of their rules and want of power to adapt their judgments to the special circumstances of the case, are incompetent so to do." (citation and internal quotation marks omitted) ).
 

 Defendants also cite to this Court's prior treatment of the equitable balancing of third parties by the trial courts. In
 
 Foster v. Foster Farms
 
 , this Court concluded the trial court had "carefully weighed the consequences of each course of action it was authorized to take before deciding to liquidate the corporation."
 
 112 N.C. App. 700
 
 , 711,
 
 436 S.E.2d 843
 
 , 850 (1993). The trial court found and concluded liquidation was appropriate because ongoing operations would cause "stress on [the] families[.]"
 

 Id.
 

 *566
 
 Further, in
 
 Royals
 
 , this Court considered the interests of a testamentary trust beneficiary and acknowledged "[t]he only way these shares will ever produce any money for her is if they are liquidated."
 
 137 N.C. App. at 709
 
 ,
 
 529 S.E.2d at 521
 
 .
 

 *8
 
 Plaintiff requests this Court to independently address and answer this question, and not to rely upon business court cases and "law review articles from foreign jurisdictions." Plaintiff contends that the "North Carolina model," as embodied in
 
 Meiselman
 
 and its progeny, should focus
 
 solely
 
 on the shareholders, and not third parties. She asserts the only people possibly harmed by the dissolution of the company would be the individual Defendants, and they could avoid such harm by buying out her shares. Plaintiff's argument on this issue relies upon her arguments in the previous issue. As noted, Plaintiff is free to sell her shares in a profitable and going concern, and is not under any restrictions to prevent her from doing so. Plaintiff has failed to show any abuse of discretion by the trial court in declining to order judicial dissolution.
 

 VI. Conclusion
 

 Under
 
 de novo
 
 review on summary judgment, this Court is empowered to further establish the legal analysis and considerations to guide the trial court's decisions in judicial dissolutions. It is unnecessary for us to do so under these facts, as Plaintiff has failed to show any basis for us to conclude the Business Court abused its discretion in not ordering judicial dissolution of United Tool.
 

 The court's exercise of discretion and conclusion to decline dissolution is supported by the unrefuted evidence, even without considering the impact upon the employees and other third parties. The judgment appealed from is affirmed.
 
 It is so ordered
 
 .
 

 AFFIRMED.
 

 Judges DIETZ and BERGER concur.