Norris v. Greymont Dev., LLC, 2022 NCBC 4.

STATE OF NORTH CAROLINA

WAKE COUNTY

LEE NORRIS,

         Plaintiff,

v.

GREYMONT DEVELOPMENT, LLC;
and JAMES SCHAAFSMA,

         Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 12659

**ORDER AND OPINION ON
PLAINTIFF NORRIS'S MOTION TO
APPOINT RECEIVER AND
INTERVENOR-DEFENDANT
SCHAAFSMA'S MOTION TO DISMISS**

1.     **THIS MATTER** is before the Court on Plaintiff Lee Norris's ("Norris")

Motion for Appointment of Receiver (the "Receiver Motion"), (ECF No. 6), and

Intervenor-Defendant James Schaafsma's ("Schaafsma") Motion to Dismiss (the

"Motion to Dismiss") under Rules 12(b)(6) and 12(b)(1) of the North Carolina Rules of

Civil Procedure (the "Rule(s)"), (ECF No. 26), (together, the "Motions").

2.     Norris brings this action against Defendant Greymont Development, LLC[1]

("Greymont" or the "LLC"), seeking to appoint a receiver for the LLC to terminate

what Norris contends is a frivolous derivative action that Schaafsma has filed on the

LLC's behalf and to oversee Greymont's dissolution and winding up. Plaintiff's

Receiver Motion seeks the immediate appointment of that receiver. Defendant's

Motion to Dismiss seeks to dismiss Norris's primary claim for judicial dissolution and

Norris's alternative claim for the appointment of an independent person under

---

[1] Greymont is unrepresented in this action because Norris and Schaafsma have not
authorized the LLC to have legal representation, a decision that requires a unanimous vote
of the member-managers under Greymont's operating agreement. (Verified First Am. Compl.
Ex. 1 [hereinafter "Greymont's Operating Agreement"], ECF No. 18.2.)

N.C.G.S. § 57D-8-03(f) to decide whether Schaafsma's derivative lawsuit should be maintained.

3. Having considered the Motions, the related briefing, appropriate matters of record, and the arguments of counsel at the hearing on the Motions, the Court, in the exercise of its discretion and for the reasons set forth below, **GRANTS** Defendant's Motion to Dismiss, **DISMISSES** Plaintiff's claims with and without prejudice as provided herein, and **DENIES** Plaintiff's Receiver Motion as moot.

> *Graebe Hanna & Sullivan, PLLC, by Christopher T. Graebe and John William Graebe,[2] for Plaintiff Lee Norris.*

> *Young Moore and Henderson, P.A., by Walter E. Brock and Rachel H. Boyd, for Defendant James Schaafsma.*

> *Defendant Greymont Development, LLC is unrepresented and thus did not participate or appear.*

Bledsoe, Chief Judge.

I.

FACTUAL AND PROCEDURAL BACKGROUND

4. Norris and Schaafsma are 50/50 member-managers of Greymont, a North Carolina limited liability company that develops real estate. (Verified First Am. Compl. ¶¶ 2, 4–5 [hereinafter "Am. Compl."], ECF No. 18.) Greymont has no employees, and its operating agreement, requires practical unanimity on all decisions. (Am. Compl. ¶¶ 6–8; Greymont's Operating Agreement ¶ 3.) Norris and Schaafsma are also two of four member-managers of 4Line, LLC ("4Line"), f/k/a 5 Guys Management, LLC, a North Carolina limited liability company. (Am. Compl.

---

[2] Plaintiff's counsel joined Morningstar Law Group after the Motions were briefed and argued. (*See* ECF Nos. 34, 35.)

¶ 9.) 4Line, in turn, is a member-manager of three limited liability companies that provide real estate development services on projects of the same name: 512 Gordon Street, LLC ("512 Gordon"); 522 S Harrington, LLC ("522 Harrington") and 518 Morehead, LLC ("518 Morehead"). (Am. Compl. ¶ 9.)

5.   Norris alleges that Greymont has wound down its services in connection with 512 Gordon. (Am. Compl. ¶ 12.) He also pleads that "no material work remains to be done" in connection with 522 Harrington and that the 522 Harrington project is "substantially complete" (Am. Compl. ¶¶ 13, 54).[3]

6.   The parties' dispute has at its core a development agreement that Greymont entered with 518 Morehead in July 2019 (the "Development Agreement"). (Am. Compl. ¶ 20.) Norris pleads that the Development Agreement contemplated two phases and that the first, pre-construction phase was agreed upon and fully funded while the second, development phase was not. (Am. Coml. ¶¶ 21–27.) Norris alleges that 518 Morehead timely paid the full development fee of $60,000 for the first, pre-construction phase, but in February 2021, before the second, development phase could proceed, 518 Morehead sold the real estate involved because the COVID-19 pandemic made it unfeasible to complete the project. (Am. Compl. ¶¶ 29, 31–34.)

---

[3] In opposing Norris's Receiver Motion, Schaafsma contends by affidavit that Greymont has "ongoing obligations" as to 522 Harrington, including an "active dispute with the [property's] general contractor" and the disposition of "1,700 square feet of unfinished and unsold commercial space[.]" (Suppl. Aff. of Schaafsma ¶¶ 6–11, ECF No. 28.) The Court does not consider these assertions, however, in considering Schaafsma's motion to dismiss under Rule 12(b)(6) because "[a]s a general proposition, a trial court's consideration of a motion brought under Rule 12(b)(6) is limited to examining the legal sufficiency of the allegations contained within the four corners of the complaint." *Khaja v. Husna*, 243 N.C. App. 330, 338–39 (2015) (cleaned up).

Schaafsma contends that, because the sale of the 518 Morehead project improperly terminated the Development Agreement, Greymont is therefore owed over $750,000 in development fees. (Am. Compl. ¶¶ 38–39.) Norris disagrees and contends that Greymont has been paid its full development fee for its work on the 518 Morehead project. (Am. Compl. ¶ 49.)

7. On 1 June 2021, Schaafsma, acting for Greymont and without Norris's consent, filed a lawsuit against 518 Morehead in Wake County Superior Court seeking to recover the $750,000 in development fees Schaafsma contends 518 Morehead owes to Greymont. (Am. Compl. ¶ 38.) Schaafsma subsequently caused Greymont to dismiss that litigation, (Am. Compl. ¶ 45), and, on 9 September 2021, Schaafsma filed a derivative action on behalf of Greymont seeking the same relief. (Am Compl. ¶ 48.) Norris opposes Schaafsma's litigation, contending that Schaafsma's derivative action is frivolous and asserting that 518 Morehead has paid all sums due under the Development Agreement. (Am. Compl. ¶ 49.) Norris further pleads that he is powerless to terminate Schaafsma's derivative action because he cannot take unilateral action to that effect under Greymont's operating agreement. (Am. Compl. ¶¶ 56, 59.)

8. Based on the parties' disagreement over the filing and maintenance of the derivative litigation, Norris alleges that he and Schaafsma are deadlocked in the management and business operations of Greymont, requiring that Greymont be dissolved. (Am. Compl. ¶¶ 56–57.) Relying on this contention, Norris filed the Verified Complaint initiating this action on 16 September 2021 containing a single

claim for judicial dissolution. (Verified Compl. ¶¶ 38–42, ECF No. 3.) He filed the Receiver Motion soon thereafter and asks this Court to empower the receiver to "manage the business of [Greymont] pending the Court's determination on Plaintiff's claim for dissolution, including but not limited to acting on behalf of the LLC to determine whether [maintaining Schaafsma's derivative suit] is in the best interests of Greymont under N.C.G.S. 57D-8-03." (Pl.'s Mot. for Appointment of Receiver [hereinafter "Receiver Mot."], ECF No. 6.)

9. Schaafsma intervened in this action on 13 October 2021, (Consent Order Allowing Intervention and Extension of Time, ECF No. 13), and promptly moved to dismiss the Verified Complaint, (Intervenor's Mot. to Dismiss, ECF No. 14). On 10 November 2021, however, Norris filed a Verified Amended First Complaint ("Amended Complaint"), mooting Schaafsma's motion, (Order Denying Def. James Schaafsma's Mot. to Dismiss, ECF No. 22). In addition to reasserting Norris's claim for judicial dissolution, Norris's Amended Complaint includes an alternative claim asking the Court to appoint an independent person under section 57D-8-03(f) to decide whether maintaining the derivative suit against 518 Morehead is in Greymont's best interests. (Am. Compl. ¶¶ 60–70.)

10. On 23 November 2021, Schaafsma filed the Motion to Dismiss seeking the dismissal of both Norris's claim for dissolution (under Rule 12(b)(6)) and Norris's alternative claim under section 57D-8-03(f) (under Rules 12(b)(6) and 12(b)(1)). (Br. Supp. Mot. Dismiss and Surreply to Pl.'s Mot Appointment of Receiver 23–27

[hereinafter "Schaafsma's Br. Supp. Mot. Dismiss and Surreply to Receiver Mot."], ECF No. 27.)

11. After full briefing, the Court convened a hearing (the "Hearing") on the Motions on 8 December 2021, at which all represented parties were represented by counsel. The Motions are now ripe for resolution.

II.

LEGAL STANDARD

12. "A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint by presenting 'the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some [recognized] legal theory.' " *Forsyth Mem'l Hosp., Inc. v. Armstrong World Indus., Inc.*, 336 N.C. 438, 442 (1994) (quoting *Lynn v. Overlook Dev.*, 328 N.C. 689, 692 (1991)). Accordingly, the Court must view the allegations in the complaint "in the light most favorable to the non-moving party." *Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 370 N.C. 1, 5 (2017) (quoting *Kirby v. N.C. Dep't of Transp.*, 368 N.C. 847, 852 (2016)).

13. "When considering a [Rule] 12(b)(6) motion to dismiss, the trial court need only look to the face of the complaint to determine whether it reveals an insurmountable bar to plaintiff's recovery." *Kemp v. Spivey*, 166 N.C. App. 456, 461 (2004) (quoting *Locus v. Fayetteville State Univ.*, 102 N.C. App. 522, 527 (1991)). Further, "the complaint is to be liberally construed, and the trial court should not dismiss the complaint unless it appears beyond doubt that [the] plaintiff could prove

no set of facts in support of his claim which would entitle him to relief." *State ex rel. Cooper v. Ridgeway Brands Mfg., LLC*, 362 N.C. 431, 444 (2008) (quoting *Meyer v. Walls*, 347 N.C. 97, 111–12 (1997)) (alteration in original); *see also Strickland v. Hedrick*, 194 N.C. App. 1, 20 (2008) ("[T]o prevent a Rule 12(b)(6) dismissal, a party must . . . state enough to satisfy the substantive elements of at least some legally recognized claim." (citation and internal quotation marks omitted)).

14. Therefore, dismissal of a complaint under Rule 12(b)(6) is proper only when: "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Krawiec v. Manly*, 370 N.C. 602, 606 (2018) (quoting *Wood v. Guilford Cnty.*, 355 N.C. 161, 166 (2002)).

## III.

## ANALYSIS

### A. Schaafsma's Motion to Dismiss

#### 1. Norris's Claim for Judicial Dissolution

15. A member of a limited liability company may seek judicial dissolution of the LLC under section 57D-6-02(2) "if it is established that (i) it is not practicable to conduct the LLC's business in conformance with the operating agreement and [Chapter 57D] or (ii) liquidation of the LLC is necessary to protect the rights and

interests of the member."[4] N.C.G.S. 57D-6-02(2). The Court notes that the first prong is conjunctive, requiring the member to show impracticability under both the operating agreement and Chapter 57D to permit dissolution under this subsection. Norris contends that his pleadings satisfy both prongs of section 57D-6-02(2).

     a. <u>Conducting Business in Conformance with Greymont's Operating Agreement</u>

16. Norris argues that Greymont cannot continue its business in conformance with its operating agreement because Schaafsma's derivative suit is Greymont's only material business activity and the parties' disagreement over whether to pursue that litigation amounts to a deadlock over Greymont's day-to-day operations—which Norris argues is "a well-established basis for dissolution." (Am. Compl. ¶¶ 54, 56–57, 62.)

17. In seeking dismissal, Schaafsma contends that Norris has failed to establish his entitlement to dissolution because Norris's allegations show that the deadlock Norris complains of is a discrete disagreement that has not prevented Norris and Schaafsma from effectively managing Greymont's other daily operations in accordance with Greymont's operating agreement. (Schaafsma's Br. Supp. Mot. Dismiss and Surreply to Receiver Mot. 14–17.) For his support, Schaafsma points to portions of the Amended Complaint showing that he and Norris are cooperating on

---

[4] This Court has observed that "[j]udicial dissolution is a remedy left largely to the discretion of the trial court, and this is so even where a party establishes a statutory ground for dissolution." *Reid Pointe, LLC v. Stevens*, 2008 NCBC LEXIS 16, at *11–12 (N.C. Super. Ct. Aug. 18, 2008). *See, e.g.*, *Brady v. Van Vlaanderen*, 261 N.C. App. 1, 4 (2018) ("Judicial dissolution is a remedy that rests within the trial court's sound discretion.") (citation and internal quotation marks omitted).

daily management decisions about 522 Harrington and that they agreed to terminate the development agreement for 512 Gordon even after Norris filed this dissolution action. (Am. Compl. ¶¶ 12, 54; Schaafsma's Br. Supp. Mot. Dismiss and Surreply to Receiver Mot. 16–17.)

18. The Court finds that Schaafsma has the better of this dispute on Norris's current pleading.

19. First, while Norris alleges that the derivative suit is Greymont's only "*material* continuing business activity[,]" (Am. Compl. ¶ 54 (emphasis added)), the descriptor "material" is a legal term and its use here states a legal conclusion that the Court may ignore under Rule 12(b)(6). *See, e.g.*, *Simmons v. Kross Lieberman & Stone, Inc.*, 228 N.C. App. 425, 428 (2013) (noting that a court need not accept legal conclusions as true under Rule 12(b)(6)).

20. Next, taking all of Norris's allegations in the Amended Complaint as true, Norris has not pleaded that activity relating to Schaafsma's derivative action comprises all or even substantially all of Greymont's current operations at this time. To the contrary, Norris pleads that Greymont still has a receivable that it must collect on the 522 Harrington project, (Am. Compl. ¶ 13), and although Norris alleges that the 522 Harrington project is "essentially complete[,]" (Am. Compl. ¶ 4), or "substantially complete[,]" (Am. Compl. ¶ 54), he also pleads that work remains to be done on the 522 Harrington project before Greymont's responsibilities in connection with the project are concluded, (Am. Compl. ¶ 13). Significantly, Norris does not

allege that he and Schaafsma disagree, much less are deadlocked, over how to complete any of the remaining work to be performed on the 522 Harrington project.

21. Finally, some of Norris's allegations contradict his claim that Norris and Schaafsma are deadlocked on daily management decision-making for Greymont. In particular, Norris alleges that, even while the derivative suit was pending, he and Schaafsma agreed to terminate Greymont's development services agreement on the 512 Gordon project, and both agree that Greymont should wind down its affairs and are taking steps to do so. (*See* Am. Compl. ¶¶ 4, 54). Such cooperative activity refutes Norris's claim that the parties' pleaded disagreement reflects a level of "discord [that] pervades every aspect of [the parties'] management" of Greymont. *See Battles v. Bywater, LLC,* 2014 NCBC LEXIS 54, at *17, 19, 22 (N.C. Super. Ct. Oct. 31, 2014) (concluding dissolution was appropriate where the LLC's co-equal member-managers were "unable to reach agreement with respect to even the most basic management decisions," including "day-to-day operations" of the company).

22. Instead, the Court concludes that the parties' pleaded cooperation and agreement in managing various aspects of Greymont's ongoing business operations show as a matter of law that the parties can conduct Greymont's business in conformance with Greymont's operating agreement. *See 759 Ventures, LLC v. GCP Apt. Inv'rs, LLC*, 2018 NCBC LEXIS 44, at *8–11 (N.C Super. Ct. May 9, 2018) (rejecting dissolution where member-managers "undoubtedly ha[d] their

disagreements" over operations but were still "more or less on the same page as to two of [their] four properties").[5]

b. Conducting Business in Conformance with Chapter 57D

23. Norris further pleads that it is impracticable to conduct Greymont's business in conformance with Chapter 57D because the parties' disagreement over the derivative action makes it "impossible for [Greymont] to exercise its statutory right to move for the appointment of an independent person to make a best interests determination under [section] 57D-8-03(f)." (Am. Compl. ¶ 63.) That section provides, in relevant part, that "[t]he court may appoint a panel composed of one or more independent persons on *motion of the LLC* to make a determination whether the maintenance of the derivative proceeding is in the best interest of the LLC." N.C.G.S. § 57D-8-03(f) (emphasis added).

24. In moving to dismiss, Schaafsma argues that section 57D-8-03(f), by its plain language, permits only the LLC, not an LLC member like Norris, to move for the appointment of an independent person on behalf of the LLC. (Schaafsma's Reply Br. Supp. Mot. Dismiss 13, ECF No. 32.) He contends that Norris on his own simply lacks the voting power to cause Greymont to move for the appointment and that this failure to meet the statute's voting requirements does not impair the LLC's ability to

---

[5] Although *Battles* and *759 Ventures* reviewed motions for the appointment of a receiver, each decision examined the moving party's likelihood of success on that party's dissolution claim in assessing whether to appoint a receiver. The Court concludes that the analysis in each case is therefore relevant in evaluating whether Norris's dissolution claim survives dismissal under Rule 12(b)(6).

operate in conformance with Chapter 57D. (Schaafsma's Br. Supp. Mot. Dismiss and Surreply to Receiver Mot. 17–21).

25. Norris argues in opposition that section 57D-8-03(f) gives Greymont the right to independent review and that Schaafsma's intransigence is preventing Greymont from filing a motion to exercise this statutory "right." (Pl.'s Br. Opp'n Def. James Schaafsma's Mot. Dismiss Verified First Am. Compl. 16, 21 [hereinafter Pl.'s Br. Opp'n Schaafsma's Mot. Dismiss Am. Compl.], ECF No. 31.) As such, Norris argues that operating Greymont in conformance with Chapter 57D is impracticable in the current circumstances. (Pl.'s Br. Opp'n Schaafsma's Mot. Dismiss Am. Compl. 20–23.)

26. The Court agrees with Schaafsma. By its plain language, section 57D-8-03(f) conditions the Court's right to appoint an independent person on the presentation of a "motion of the LLC"—not, as Norris argues, on the presentation of a motion of a member in a deadlocked LLC or through some other device. Indeed, while Chapter 57D contains numerous provisions by which a member has a right to take certain legal action, *see, e.g.*, § 57D-6-02 (providing that "a member" may bring an action to dissolve an LLC); § 57D-8-01 (providing that "a member may bring a derivative action"), the General Assembly did not elect to include among those rights the right to present a motion authorizing the Court to appoint an independent person under section 57D-8-03(f). *See, e.g., Town of Pinebluff v. Moore Cnty.*, 374 N.C. 254, 256 (2020) (noting that courts "assume that the Legislature acted with full knowledge of prior and existing law") (cleaned up). The General Assembly vested that right

solely in the LLC, and the fact that an LLC may not reach agreement to bring such a motion does not deny the LLC a statutory right or reflect the LLC's inability to conduct business operations in conformance with Chapter 57D.

27. Therefore, for the reasons set forth above, the Court concludes that Norris has failed to plead that it is not practicable to conduct Greymont's business in conformance with either its operating agreement or Chapter 57D, much less both. As a result, Norris's dissolution claim may not be sustained under section 57D-6-02(2)(i).

c. Liquidation as Necessary to Protect the Rights and Interests of Member

28. Although the Court has concluded that Norris has failed to plead that it is not practicable to conduct Greymont's business in conformance with its operating agreement and Chapter 57D, Norris may still satisfy section 57D-6-02(2) if he successfully pleads that "liquidation of the LLC is necessary to protect [his] rights and interests[.]" N.C.G.S. § 57D-6-02(2). Norris contends he has met his pleading burden for several reasons, including that: (i) "518 Morehead must expend funds on attorney fees in defense of the lawsuit that would otherwise be distributable to members, including 4Line, in which [he] has a 25% interest"; (ii) he has suffered "the embarrassment of being associated with the filing of a nuisance lawsuit in the name of a company that [he] co-founded against a company that is managed by 4Line"; and (iii) Greymont faces the possibility of Rule 11 sanctions based on Schaafsma's filing and maintenance of a frivolous derivative suit. (Pl.'s Br. Opp'n Schaafsma's Mot. Dismiss Am. Compl. 23; Am. Compl. ¶¶ 49, 64.)

29. Schaafsma moves to dismiss the claim for judicial dissolution, contending that section 57D-6-02 only protects a member's rights and interests in the LLC that he or she is attempting to dissolve. Schaafsma therefore asserts that Norris's contentions that Greymont should be dissolved to spare Norris from professional embarrassment and to enable 518 Morehead to make distributions to him as a member of 4Line are irrelevant under section 57D-6-02 because neither consideration implicates Norris's rights and interests in Greymont. (Schaafsma's Br. Supp. Mot. Dismiss and Surreply to Receiver Mot. 21.) As to Rule 11 exposure, Schaafma noted at the Hearing that Norris has not pleaded that sanctions have either been threatened or sought based on the filing and maintenance of Schaafsma's derivative action.[6] Accordingly, Schaafsma contends that Norris fails to meet the requirements of 57D-6-02(ii).

30. The Court again agrees with Schaafsma.

31. First, the North Carolina Court of Appeals has interpreted nearly identical "rights and interests" language in Chapter 55's dissolution provision to refer to the " 'rights or interests' the complaining shareholder has in the corporation" sought to be dissolved. *Foster v. Foster Farms*, 112 N.C. App. 700, 709 (1993) (citing *Meiselman v. Meiselman*, 309 N.C. 279, 301 (1983)). The Court therefore concludes likewise that the "rights and interests" referenced in section 57D-6-02(2)(ii) are those that the complaining member has in the LLC that the member is seeking to dissolve. Thus,

---

[6] Although Schaafsma's counsel advised the Court at the Hearing that no motions seeking sanctions against Greymont have been filed in the derivative action, the Court limits its review to the allegations of the Amended Complaint in ruling upon Defendant's Motion to Dismiss under Rule 12(b)(6).

the Court agrees with Schaafsma that Norris's claims of professional embarrassment and impairment of his interest in Morehead 518 are insufficient grounds to merit dissolution of Greymont under section 57D-6-02(ii).

32. Norris's speculation that Greymont may face sanctions for Schaafsma's derivative action is likewise insufficient to satisfy section 57D-6-02(2)(ii). Not only is it likely that the imposition of any such sanctions would be levied against the filer and signer Schaafsma, not Greymont, the nominal defendant, but also Norris has not pleaded that Rule 11 sanctions have been threatened or sought in the nearly five months since Schaafsma filed his derivative action. As a result, there is no basis to conclude that liquidation of the LLC is necessary to protect Norris's rights and interests in Greymont on this ground. The Court thus concludes that Norris has failed to meet the requirements of section 57D-6-02(2)(ii).

33. Accordingly, because Norris has failed to plead his entitlement to judicial dissolution under either prong of N.C.G.S. § 57D-6-02(2), Norris's claim for judicial dissolution must be dismissed.[7]

## 2. Norris's Alternative Claim for Appointment of Independent Person

34. Schaafsma moves under Rules 12(b)(1) and 12(b)(6) to dismiss Norris's alternative claim for the appointment of an independent person under section 57D-8-03(f). He first argues under Rule 12(b)(1) that the Court lacks subject matter jurisdiction because the authority to appoint an independent person under section 57D-8-03(f) rests with the court in which the derivative action is pending—here the

---

[7] Because conditions permitting Greymont's dissolution may arise in the future, the Court will dismiss Norris's dissolution claim without prejudice.

judges presiding in *Schaafsma v. 518 Morehead and Greymont*, 21 CVS 12254, now pending in Wake County Superior Court. (Schaafsma's Br. Supp. Mot. Dismiss and Surreply to Receiver Mot. 27.) He also seeks dismissal under Rule 12(b)(6) on the same grounds he advanced in arguing that Greymont's business can be conducted in conformance with Chapter 57D. (Schaafsma's Reply Br. Supp. Mot. Dismiss 13.)

35. In opposition to the Motion to Dismiss under Rule 12(b)(1), Norris relies on section 57D-6-03(c), which he argues separately permits the Court to appoint an independent person. (Pl.'s Br. Opp'n Schaafsma Mot. Dismiss Am. Compl. 27.) That section provides: "[In a dissolution action under section 57D-6-02,] the court may issue injunctions, appoint one or more persons to serve as receiver with powers and duties the court may grant under [section] 57D-6-04, or take other action required to manage the LLC and its assets." N.C.G.S. § 57D-6-03(c). Norris argues that the appointment of an independent person is included within the "other action" permitted under section 57D-6-03(c). (Pl.'s Br. Opp'n Schaafsma's Mot. Dismiss Am. Compl. 24.) Additionally, Norris opposes the Motion to Dismiss under Rule 12(b)(6) by advancing the same arguments he made in opposition to Schaafsma's motion concerning whether Greymont could be operated in conformance with Chapter 57D.

36. The Court again agrees with Schaafsma. First, the Court agrees that the proper forum within which to raise a motion for the appointment of an independent person under section 57D-8-03(f) is the court in which Schaafsma's derivative action is currently pending, not in this separate dissolution action. *See* Russell M. Robinson, II, *Robinson on North Carolina Corporation Law*, 34.04[5] n. 69 (7th ed. 2019) (noting

that a determination concerning whether a suit's prosecution is in the LLC's best interests could be made "directly to the LLC managers or a subset of the managers" or, "in response to a request by the LLC, the [determination] could also be by a body *appointed by the derivative suit court*" under section 57D-8-03(f) (emphasis added)).

37. This conclusion is compelled by section 57D-8-03's plain language. That section references "the court" four times: (i) in subsection (a), which provides: *"[t]he court* shall dismiss a derivative proceeding on motion of the LLC if [the panel described in section 57D-8-03(f)] determines after conducting an inquiry upon which its conclusions are based that the maintenance of the derivative proceeding is not in the best interest of the LLC"; (ii) in the first sentence of subsection (d), which explains that in a derivative suit filed after a demand is rejected, "the complaint must allege particular facts that if proved would preclude *the court* from dismissing the derivative proceeding under subsection (a)"; (iii) in the third sentence of subsection (d), which sets forth discovery limits prior to "*the court's* ruling" on a defendant's motion to dismiss under subsection (a); and (iv) in subsection (f), which, as noted above, provides that "*[t]he court* may appoint a panel composed of one or more independent persons on motion of the LLC [to make the best interest determination]." (Emphasis added.)

38. It cannot be reasonably disputed that "the court" referenced in subsections (a) and (d) is the derivative suit court; indeed, any other reading would be nonsensical. Reading subsection (f) in the context of the statute as a whole, *see, e.g.*, *Porsh Builders, Inc. v. City of Winston-Salem*, 302 N.C. 550, 556 (1981) ("[A] statute

must be considered as a whole[.]"), and particularly when considering the plain meaning of the term "the court" in the other subsections of the statute, *see, e.g.*, *State ex rel. Utilities Com. v. Duke Power Co.*, 305 N.C. 1, 13 (1982) ("All parts of the [same] act should be considered, and construed together."), the Court can reach but a single conclusion—that "the court" authorized to "appoint a panel composed of one or more independent persons on motion of the LLC" under section 57D-8-03(f) is necessarily the derivative suit court and no other. Norris's contention to the contrary is without merit. *See, e.g.*, *Raleigh Hous. Auth. v. Winston*, 376 N.C. 790, 795 (2021) ("When the term in the statute is unambiguous, the term 'should be understood in accordance with its plain meaning.'" (quoting *Fid. Bank v. N.C. Dep't of Revenue*, 370 N.C. 10, 20 (2017))).

39. Next, for the reasons set forth above, the Court concludes that a motion to appoint an independent person under section 57D-8-03(f) may only be made by the LLC, not, as Norris seeks to establish here, by an LLC member.

40. And last, Norris's resort to section 57D-6-03(c) is unavailing because his alternative claim is premised on the appointment of an independent person through section 57D-8-03(f), not through section 57D-6-03(c) or any other section of Chapter 57D. Moreover, even if Norris's invocation of section 57D-6-03(c) was properly before the Court, there is no evidence in that section's text or otherwise suggesting that our legislature intended that section's broad grant of authority to permit a trial court to evade specific statutory restrictions on available relief and remedies provided for elsewhere in Chapter 57D, including in section 57D-8-03(f). *See, e.g.*, *State ex rel.*

*Utils. Comm'n v. Lumbee River Elec. Membership Corp.*, 275 N.C. 250, 260 (1969) ("It is a well established [sic] principle of statutory construction that a section of a statute dealing with a specific situation controls, with respect to that situation, other sections which are general in their application.").

41.    Accordingly, the Court concludes that Norris's alternative claim for the appointment of an independent person under section 57D-8-03(f) should be dismissed, without prejudice, under both Rules 12(b)(1) and 12(b)(6).

B.    Norris's Motion for Appointment of Receiver

42.    In light of the Court's dismissal of all claims in this action as set forth above, the Receiver Motion shall therefore be denied as moot.

IV.

CONCLUSION

43.    **WHEREFORE**, the Court, for the reasons set forth above, hereby **GRANTS** Defendant's Motion to Dismiss under Rules 12(b)(6) and 12(b)(1), **DISMISSES** Plaintiff's claim for judicial dissolution and alternative claim under section 57D-8-03(f) without prejudice, and **DENIES** Plaintiff's Receiver Motion as moot.

    **SO ORDERED**, this the 31st day of January, 2022.

                    /s/ Louis A. Bledsoe, III
                    Louis A. Bledsoe, III
                    Chief Business Court Judge